UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BRENNARIS M. JOHNSON,

           Plaintiff,

   v.

SNOHOMISH COUNTY SHERIFF'S OFFICE, et al.,

           Defendants.

Case No. C22-1861-RJB-SKV

REPORT AND RECOMMENDATION

INTRODUCTION AND SUMMARY CONCLUSION

Plaintiff Brennaris Johnson, a prisoner incarcerated at the Washington State Penitentiary in Walla Walla, Washington, proceeds pro se and *in forma pauperis* in this matter. On December 30, 2022, Plaintiff submitted a proposed 42 U.S.C. § 1983 civil rights complaint pertaining to events that occurred in January 2022, while he was held as a pretrial detainee at Snohomish County Jail. Dkts. 1 & 7. Plaintiff named Snohomish County Sheriff's Office, Snohomish County, and the City of Everett as Defendants, and sought as relief a no contact order with Snohomish County and the City of Everett and ten million dollars in punitive damages. *Id*.

On January 27, 2023, the Court issued an Order Declining to Serve and Granting Leave to Amend. Dkt. 4. As stated in that Order, in order to sustain a § 1983 claim, a plaintiff must

REPORT AND RECOMMENDATION - 1

show (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) that the violation was proximately caused by a person acting under color of state or federal law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The Court's Order identified deficiencies in the proposed complaint.

First, a plaintiff must both identify the specific constitutional rights infringed, *Albright v. Oliver*, 510 U.S. 266, 271 (1994), and allege facts showing how defendants caused or personally participated in causing the harm alleged, *see Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). Here, while Plaintiff identified the constitutional rights at issue, he failed to specifically and plausibly explain how Defendants' actions caused the violation of his constitutional rights. His allegations were, in large part, no more than conclusory. *See also* Dkt. 4 at 3 (also noting that, pursuant to Fed. R. Civ. P. 8(a)(2) and (d)(1), a complaint must provide a "short and plain statement of the claim" and "[e]ach allegation must be simple, concise, and direct.")

Second, a sheriff's office is not a "person" subject to suit under § 1983, *see Hordon v. Kitsap Cnty. Sheriff's Off.*, No. C20-5464-RJB, 2020 WL 4286769, at *2 (W.D. Wash. July 27, 2020) (citations omitted), and, while a municipality or other local governmental unit can be sued under § 1983, it cannot be held liable solely because it employed a tortfeasor, *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690-94 (1978). To impose § 1983 liability on a municipality, a plaintiff must identify a "policy" or "custom" that caused the alleged injury. *Bd. of the Cnty. Comm'rs of Bryant Cnty., Okla. v. Brown*, 520 U.S. 397, 403 (1997) (citing *Monell*, 436 U.S. at 694). In the proposed complaint, Plaintiff impermissibly included Snohomish County Sheriff's Office as a Defendant. Also, while asserting the existence of Snohomish

County and/or City of Everett policies that violated his rights, Plaintiff did not explain what those policies were or how they violated his constitutional rights.

Third, while acknowledging that Plaintiff stated he had exhausted all available remedies, the Court advised that Plaintiff's § 1983 claims would be subject to dismissal if he had not fully and properly exhausted his administrative remedies prior to bringing suit. *See* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."); *Porter v. Nussle*, 534 U.S. 516, 524 (2002) (exhaustion is a prerequisite to all prisoner lawsuits concerning prison life); *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (proper exhaustion requires compliance with applicable deadlines and administrative rules); and *Griffin v. Arpaio*, 557 F.3d 1117, 1119 (9th Cir. 2009) (proper exhaustion requires inmate to use all steps of prison grievance process).

The Court, finally, explained that a no contact order against a municipality was not available as a form of relief under § 1983, and outlined the showing necessary for an award of punitive damages. *See Macareno v. Thomas*, 378 F. Supp. 3d 933, 945 (W.D. Wash. 2019) ("In section 1983 cases, punitive damages are recoverable when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others[,]" and "can also be awarded to address malicious, wanton, or oppressive acts or omissions.") (cleaned up and citations omitted).

The Court declined to serve the complaint or to direct that an answer be filed, but granted Plaintiff leave to amend the complaint, if possible, to correct the deficiencies. The Court directed Plaintiff to file the amended complaint within thirty days of the January 27, 2023 Order.

The Court noted that, if an amended complaint was not timely filed or failed to correct the deficiencies identified, the Court may recommend this matter be dismissed.

On February 10, 2023, Plaintiff requested an additional 120 days to file the amended complaint. Dkt. 5. He explained that his mental disorders and emotional distress issues prevented him from meeting the deadline. *Id*. Finding the request reasonable, the Court granted the extension and set a June 27, 2023 deadline for filing an amended complaint. Dkt. 8.

On May 17, 2023, Plaintiff again requested a 120-day extension, on this occasion based on "unforeseen [sic] events with D.O.C.," and "appeal issues[.]" Dkt. 9 at 1. Given the failure to describe such events or issues, the already lengthy amount of time provided, and the substantial amount of time still remaining before the deadline, the Court did not find good cause for another 120-day extension. Dkt. 10. However, recognizing that Plaintiff anticipated the need for more time and in order to ensure his ability to meet the filing deadline, the Court allowed for an additional thirty days and set a new deadline of July 27, 2023. *Id*.

Plaintiff subsequently, on June 9, 2023, explained that his request for a second 120-day extension was based on misplaced or lost legal papers, his ongoing mental health treatment, and a series of lockdowns. Dkt. 11. He asked for a new, October 27, 2023 filing deadline, while also suggesting that even more time would be necessary. *Id*. The Court, with consideration of this explanation, found good cause for the request. Dkt. 12. The Court also clarified that, having now afforded Plaintiff a total of eight months to submit an amended complaint, no additional extension would be allowed. That is, if an amended complaint was not filed on or before October 27, 2023, or if an amended complaint failed to correct identified deficiencies, the Court would recommend this matter be dismissed without prejudice to the later filing of a new action.

To date, Plaintiff has not filed an amended complaint. However, on October 23, 2023, Plaintiff filed a Motion for Stay of Court to Amend Complaint, to Collect Additional Information and Evidence. Dkt. 13. He requests a six-month stay to allow him to "gather additional information" from Snohomish County Superior Court, and references his criminal proceeding in that court and his recent filing of a motion for contempt. *Id*. He also notes his continuing mental health issues, his pro se status, and his difficulty in understanding the legal process. *Id*. at 3.

The Court, while sympathetic to the issues raised by Plaintiff, does not find good cause for the requested stay or for any further extension of the filing deadline. This matter has now been pending for some ten months without a sufficient pleading and, despite several lengthy extensions, Plaintiff has not submitted an amended complaint. Given the deficiencies in the pleading and Plaintiff's failure to comply with the final, October 27, 2023 filing deadline, the Court now recommends Plaintiff's complaint be DISMISSED. The Court recommends the dismissal be without prejudice to the later filing of a new action.[1]

## OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed

---

[1] As noted above, Plaintiff seeks to allege claims relating to events occurring in January 2022. Because the dismissal of this matter is without prejudice to the filing of a new action, Plaintiff is advised that, in Washington, a three-year statute of limitations applies to the filing of § 1983 claims. *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985); RCW § 4.16.080; *RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045, 1058 (9th Cir. 2002). *See also Bagley v. CMC Real Estate Corp.*, 923 F.2d 758, 760 (9th Cir. 1991) (a § 1983 action accrues and the statute of limitations begins to run when a plaintiff knows or has reason to know of the injury which is the basis of his or her action).

REPORT AND RECOMMENDATION - 5

1 within **fourteen (14)** days after service of objections. If no timely objections are filed, the matter
2 will be ready for consideration by the District Judge on **December 1, 2023**.

3     Dated this 3rd day of November, 2023.

*S. Kate Vaughan*

S. KATE VAUGHAN
United States Magistrate Judge

REPORT AND RECOMMENDATION - 6