UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BRENNARIS M. JOHNSON,

                Plaintiff(s),

     v.

SNOHOMISH COUNTY SHERIFF'S
OFFICE, et al.,

                Defendant(s).

CASE NO. C22-1861-KKE

ORDER DENYING MOTION FOR
EXTENSION OF TIME TO FILE
AMENDED COMPLAINT

This matter, which was dismissed without prejudice on December 4, 2023, is now before the Court on a motion for extension of time to file an amended complaint, which the Court construes as a motion for reconsideration. Dkt. No. 18. The Court will deny the motion for the reasons below.

On December 30, 2022, Plaintiff Brennaris Johnson, proceeding *pro se*, filed an application to proceed *in forma pauperis* ("IFP") and a proposed complaint bringing claims under 42 U.S.C. § 1983 against the Snohomish County Sheriff's Office, Snohomish County, and the City of Everett. Dkt. No. 1. The Honorable S. Kate Vaughan screened Johnson's complaint under 28 U.S.C. § 1915 and identified numerous deficiencies. *See* Dkt. No. 4. Judge Vaughan thus declined to serve the complaint, but granted Johnson leave to amend his complaint to correct the identified deficiencies. *Id.* at 6. On June 15, 2023, after affording Johnson eight months to submit an amended complaint, Judge Vaughan granted a final extension of time for him to amend his

ORDER DENYING MOTION FOR EXTENSION OF TIME TO FILE AMENDED COMPLAINT - 1

complaint. Dkt. No. 12. Judge Vaughan warned Johnson that if he failed to file an amended complaint by October 27, 2023, she would recommend dismissal of his action. *Id.* When Johnson did not file an amended complaint by that date, in line with her warning, Judge Vaughan recommended dismissal. Dkt. No. 14. On December 4, 2023, the Honorable Robert J. Bryan adopted Judge Vaughan's report and recommendation ("R&R"), and entered a final judgment in this matter. Dkt. Nos. 16, 17. This case has been closed since then.

On May 11, 2026, Johnson filed a motion for an extension of time to file his amended complaint until November 1, 2026. Dkt. No. 18. Johnson asserts that he "ha[s] been occupied with filing a Personal Restraint Petition," and that he "cannot (sic) afford to pay fees again." *Id.* Though styled as a motion for an extension of time, because this case has already been dismissed, Johnson's motion, in effect, asks the Court to reconsider Judge Bryan's dismissal order. The Court therefore analyzes his motion as one for reconsideration.

Reconsideration is "an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (quoting 12 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 59.30[4] (3d Ed. 2000)). The Local Rules of this district indicate that motions for reconsideration are, in general, "disfavored." Local Rules W.D. Wash. LCR 7(h)(1). Such motions will ordinarily be denied without "a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to [the court's] attention earlier with reasonable diligence." LCR 7(h)(1). Though the Court has discretion to reconsider a prior order for manifest error, a motion for reconsideration does not "provide litigants with a second bite at the apple," and "should not be used to ask a court to rethink what the court had already thought through—rightly or wrongly." *Gaskill v. Travelers Ins. Co.*, No. C11-5847, 2012 WL 13026638, at *1 (W.D. Wash.

Mar. 28, 2012). "Mere disagreement with a previous order is an insufficient basis for reconsideration[.]" *Id.*

As an initial matter, Johnson's motion is both untimely and procedurally defective. Local Civil Rule 7(h)(2) requires that motions for reconsideration "be plainly labeled as such," and "be filed within fourteen days" of the pertinent order. LCR 7(h)(2). A moving party must "point out with specificity the matters which the movant believes were overlooked or misapprehended by the court," and failure to do so "may be grounds for denial of the motion." *Id.* Johnson's motion follows none of these requirements. Indeed, Johnson's motion was filed approximately 2.5 years after Judge Bryan dismissed his case, and he offers no argument regarding the merits of any order that was issued in the matter. *See* Dkt. No. 18.

Accordingly, the Court DENIES Johnson's motion. Dkt. No. 18. Should Johnson wish to proceed with his claims, he may file a new lawsuit. If Johnson is unable to pay filing fees, he may apply to proceed IFP in that action. This case remains closed.

Dated this 5th day of June, 2026.

Kymberly K. Evanson
United States District Judge

ORDER DENYING MOTION FOR EXTENSION OF TIME TO FILE AMENDED COMPLAINT - 3